While I reluctantly concur with the majority opinion that the state could not reindict McNeill following the trial court's dismissal of the indictment, I want to emphasize that what happened in this case was an extreme situation; a prosecutor disregarded the trial court's warnings that she would not be allowed to use a prosecutor's authority to nol-pros an indictment to, in effect, force a continuance of the case, against the specific wishes of the trial court. Today's holding should be limited to the specific facts of this case. In my opinion, the opinion should not be interpreted to limit a prosecutor's authority to indict or reindict, or to amend indictments brought against persons charged with criminal offenses. See Johnson v. State, 479 So.2d 1377, 1381
(Ala.Cr.App. 1985) (the state's failure to secure the court's permission to abandon an earlier indictment before reindicting does not require that the subsequent indictment be quashed).